UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AVERY ALLEN CHURCH, JR., | Case No. 2:18-CV-53 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Avery Allen Church Jr.'s ("plaintiff") motion for a temporary restraining order. (ECF No. 16). Defendants have not filed a response.

Also before the court is plaintiff's motion for a preliminary injunction. (ECF No. 15). Defendants have not filed a response.

**I.  Facts**

Plaintiff in this *pro se*, civil rights action has filed two identical motions, which are both entitled "Order to Show Cause for an [sic] Preliminary Injunction and Temporary Restraining Order." *See* (ECF Nos. 15, 16).

According to plaintiff, he has been denied meaningful access to the court to pursue his claims because the court declined his request for appointment of counsel. (ECF Nos. 15, 16). Moreover, plaintiff alleges that defendant James Dzurenda ("Dzurenda") has "utilized all of his contacts" within the Connecticut Department of Corrections, where plaintiff is currently housed, to "run interference" and ensure that plaintiff cannot pursue his claims. *Id.* Plaintiff also alleges that Dzurenda has retaliated against him for attempting to pursue his claims. *Id.*

Accordingly, plaintiff requests an order that he be transported back to the State of Nevada so that he can access the library "located within the Nevada Department of Corrections institutional facilities." *Id.* Plaintiff also appears to request that the court reconsider its previous order denying the appointment of counsel in this case. *Id.*

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976). "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 U.S. Dist. LEXIS 164045, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

This court must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

The party seeking the injunction must satisfy each element; however, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also

1 shows that there is a likelihood of irreparable injury and that the injunction is in the public
2 interest." *Id.* at 1135 (internal quotations marks omitted).

Finally, to obtain injunctive relief, plaintiff must show it is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)).

**III. Discussion**

As the court has previously explained, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

After reviewing the attendant facts and circumstances of this case, the court previously denied plaintiff's request for appointment of counsel. (ECF No. 14). The court declines to reconsider its previous order absent a showing that "exceptional circumstances" warranting the appointment of counsel now exist, which plaintiff has failed to do. *See Palmer*, 560 F.3d at 970.

Moreover, plaintiff has failed to set forth any facts showing the ways in which Dzurenda or any other named defendant in this action has interfered with plaintiff's ability to pursue his claims or retaliate against him for attempting to pursue his claims. Conclusory allegations without adequate facts to support those allegations will not suffice. *See Ctr. for Food Safety,* 636 F.3d at 1171.

James C. Mahan
U.S. District Judge

- 3 -

Accordingly, plaintiff's motions for a temporary restraining order and preliminary injunction are denied.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for a temporary restraining order (ECF No. 16) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (ECF No. 15) be, and the same hereby is, DENIED.

DATED March 12, 2019.

_____
UNITED STATES DISTRICT JUDGE