UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AVERY ALLEN CHURCH JR,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00053-JCM-DJA<br><br>**ORDER &**<br>**REPORT & RECOMMENDATION** |

This matter is before the Court on several motions filed by Plaintiff and the Court will address each in turn. First is Plaintiff's Motion for Production of Documents (ECF No. 32) filed on August 14, 2019. Plaintiff requests copies of every court filing. The Court is not responsible for providing copies of court filings to litigants. 28 U.S.C. § 1915. Further, there is a per page charge for copy work. Copies produced from an electronic format (CM/ECF) are $.10 per page; copies produced from a physical format are $.50 per page. The Court cannot provide copies or mailing service for parties, even indigent plaintiffs proceeding *in forma pauperis*. If Plaintiff wishes to receive copies of electronically filed documents from the Court from CM/ECF, the cost is $0.10 per page. Nev. LR IC 1-1(i)(5); 28 U.S.C. § 1914. Therefore, the Court will deny Plaintiff's request.

Plaintiff also filed a Motion for Appointment of Counsel (ECF No. 33) on August 14, 2019 along with a Memorandum (ECF No. 40) and Declaration (ECF No. 41) in support of his request, on September 16, 2019. Defendants filed a Response (ECF No. 36) on August 28, 2019. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional

circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Indeed, this is the third request that Plaintiff has made and he has again failed to show the exceptional circumstances that would warrant granting this request. The Court denies the motion for appointment of counsel. Plaintiff also filed a Motion requesting a court decision on his request for appointment of counsel (ECF No. 45). Having considered Plaintiff's Motion for Appointment of Counsel (ECF No. 33) in the instant order, the Court will deny his request for submission as moot.

Plaintiff also filed a Motion of Extension of Time to File Disclosure Statement (ECF No. 38) on September 4, 2019. Defendants filed a Non-Opposition (ECF No. 42) on September 17, 2019. As a result, the Court will grant Plaintiff's request and order that the disclosure statement be submitted within fourteen days of this order.

Finally, Plaintiff filed Motion for Leave to File a Second Amended Complaint (ECF No. 39), to which Defendants filed a Response (ECF No. 43), and Plaintiff filed a Reply (ECF No. 44). The parties are familiar with the facts of this matter and the Court will only repeat them here as necessary. The Court previously screened Plaintiff's 532-page complaint and dismissed it with leave to amend on July 9, 2018. (ECF No. 6). Thereafter, Plaintiff filed an amended complaint, which the Court screened on January 7, 2019 and allowed only one count to proceed against three NDOC corrections officers – Logan, Padilla, and Lozano. (ECF No. 11). The Court also set a deadline for Plaintiff to file a second amended complaint for February 7, 2019 and granted him an extension of that deadline to March 15, 2019. (ECF No. 14). Plaintiff failed to timely file a second amended complaint by that deadline and this action proceeded through a mediation - on the sole remaining claim against the three defendants. (ECF No. 18).

"A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . ." Fed.R.Civ.P.

15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." *Id.* at (a)(2).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants argue that Plaintiff is acting in bad faith seeking to amend because he restates the same defendants, with the same set of facts, and same theories of liability that the Court already considered in screening the operative complaint.  (ECF No. 43).  Further, Defendants claim there is undue delay because six months have passed since the deadline to file the second amended complaint, there is prejudice to the newly named defendants as the incidents at issue occurred over four years ago, and amendment would be futile.  (*Id.*).  The Court agrees; Plaintiff has already been afforded an opportunity to amend his complaint and the proposed second amended complaint does not cure the deficiencies identified by the Court.  (ECF No. 11).  Further, the Court find undue delay and prejudice given that this case has proceeded on the sole remaining claim through a mediation.  Therefore, it is recommended that Plaintiff's motion to amend be denied.

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Production of Documents (ECF No. 32) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 33) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion of Extension of Time to File Disclosure Statement (ECF No. 38) is **granted**.  He shall have and extension of fourteen days from the issuance of this order.

IT IS FURTHER ORDERED that Plaintiff's Motion – Request for Submission of ECF No. 33 (ECF No. 45) is **denied as moot**.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 39) be **denied**.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 21, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE